## DEYO's EXECUTORS *vs.* JONES' EXECUTORS.

The consent of a legatee given on an accounting by executors before a surrogate, that a note barred by the statute of limitations given by her husband, might be charged against her share of a residuary fund, cannot be converted into an acknowledgment of indebtedness and a willingness to pay, so as to defeat the operation of the statute of limitations in an action against her as the executrix of her husband, for the recovery of the balance of such note after applying her share of such fund.

THIS was an action of *assumpsit* brought to recover the balance claimed to be due upon a promissory note made by D. Jones, jun. the defendants' testator, to Richard Deyo, the plaintiffs' testator for the sum of $715,55, with use dated 2d April, 1821. The defendants pleaded non-assumpsit and the *statute of limitations.* To take the case out of the statute the plaintiffs relied upon the following facts : In September 1830, Esther Jones, one of the defendants in this case, the widow of D. Jones, jun. and one of his executors, and the daughter of Richard Deyo presented a petition to the surrogate of the county of Columbia praying that the executors of her father's will might be required to account. The executors were cited to render an account, and all the parties interested appeared before the surrogate. Among the assets of the estate the executors held notes against Richard Deyo, jun., a son of the testator, and one of his executors, amounting with interest to the sum of $653,61, which Richard Deyo, jun. objected to being charged against him, on the ground that he had been discharged from the payment of all his debts as an *insolvent debtor,* on the petition of himself and two-thirds of his creditors, and that his father was one of the petitioning creditors. The executors also held the note upon which this suit was brought, which Mrs. Jones objected should be charged against her, on the ground that a recovery upon the note was barred by the *statute of limitations.* By a residuary clause in the will of Richard Deyo, one *fourth* of the residue of his estate, (which residue consisted of the above demands, other choses in action, and

other personal property) was given to Mrs. Jones, one *fourth* to Richard Deyo, Jun., and the two remaining fourths to other children. The will also contained a clause in these words : " For the amount of what I have advanced my " children I have taken their notes or bonds, and the " amount of these notes or bonds only, they or their chil- " dren are to be accountable for, and to be considered and " calculated towards their respective shares." After some negotiation between the parties it was agreed by Richard Deyo, jun., that in stating the account of the executors he should be charged with the amount of his notes, and by Mrs. Jones, that she should be charged with the amount due on her husband's note, and such agreement was communicated to the surrogate, who proceeded to state the account of the executors upon the basis of such agreement for the purpose of ascertaining the distributive shares of the parties ; and it was then found that charging Mrs. Jones with the amount of the note of her husband, with the interest thereof, and a sum of $100 advanced to her by the executors, such payments *exceeded her distributive share* the sum of $280,77, for the recovery of which excess, or rather balance this action was brought. The surrogate testified that the *consent* of Mrs. Jones to be charged with the note of her husband was given, *for the purpose of the accounting* before him and for the distribution of the estate under the provisions of the will of her father ; that he so stated his understanding of the matter in the presence of the parties, and no objection was made. Upon this evidence the plaintiffs were nonsuited. The circuit judge subsequently made an order for a new trial, from which order the defendants appealed, and the motion for a new trial was now made in this court.

*A. Vanderpoel*, for the plaintiffs.

*M. T. Reynolds*, for the defendants.

*By the Court*, NELSON, Ch. J. The only question in this case is, whether the admission of Mrs. Jones, the executrix, was sufficient to take the note of her testator, in question

in this suit, out of the statute of limitation. The rule is not disputed, that the admission of one joint executor for this purpose is available against all; 15 Johns. R. 3; 4 Cowen, 493; but was it sufficiently full and unqualified within the cases in this court, 3 Wendell, 187, Id. 536, 9 Cowen, 675, 7 Wendell, 267? Without referring particularly to these cases, I may say that the admission, to avoid the statute, must amount to an unqualified acknowledgment of the debt, disconnected with any circumstance indicating an intention not to become liable upon it. This is the result of the more recent authorities, and to which we intend to adhere. Applying this test, I am of opinion the proof on the part of the plaintiffs was defective, and that the nonsuit was rightfully granted.

Mrs. Jones had instituted proceedings before the surrogate for her share in the estate of her father, and this note, which had been given by her deceased husband to her father in his lifetime, was presented by the executors as an abatement of the amount in the nature of an advancement, agreeably to the directions of the will. She resisted this application of the note, upon the ground that it was barred by the statute. R. Deyo, her brother, and one of the plaintiffs, also resisted accounting for certain notes against him for the reason that they were discharged by proceedings under the insolvent act. While the case stood on this footing before the surrogate, a compromise was proposed and acceded to by the counsel, and which is no doubt accurately detailed by the surrogate, for he acted upon it in settling his decree in the matter. It was agreed that each should be charged with their respective notes in settling their accounts with the estate; in other words, she acknowledged the validity of the note in question for the purpose of using it in ascertaining the amount of her distributive share, and for that only. Even the admission to this extent can hardly be considered voluntary, for the surrogate states, he advised her counsel that he could not allow her distributive share without deducting the note; and on looking at the provisions of the will there can be no doubt about the correctness of the opinion. The ground, however, upon which I place the case is, that

the admission was made by Mrs. Jones for a particular purpose, which has been answered, without any intent of charging the estate she represented beyond it, and, indeed, insisting upon the statute, in effect, beyond the particular concession.

New trial denied.