## BROWN v. BRIDGES.

September 8, 1840.

*Case stated.*

A. and B. were indebted to C. on the 16th March, 1834. A. and B. filed their petition for the benefit of the insolvent laws on the 1st April, 1834, in which they stated, in their schedule of debts, the debt due to C. On March 30, 1840, C. brought suit on this debt against A. and B. *Held:*

1. That the debt was barred by the statute of limitations, notwithstanding the acknowledgment of its existence in the petition of defendants made within the six years.

2. Such an acknowledgment is not a promise to pay, nor is it consistent with such a promise.

THIS action was brought by Joseph M. Brown against Edwin N. Bridges and Noah W. Bridges, late copartners in trade, under the firm of E. N. Bridges & Co. The following case stated was filed:

" It is agreed that the following case be stated for the opinion of the court in the nature of a special verdict, with liberty for either party to take out a writ of error on the same.

" On the 13th day of November, 1833, the above named plaintiff drew on the said defendants a draft, whereof the following is a copy:

" $757.13

" Boston, November 13, 1833.

" Four months after date, value received, please pay my order, seven hundred and fifty-seven $\frac{13}{100}$ dollars, without further advice from your obedient servant,

JOSEPH M. BROWN.

(Endorsed) JOSEPH M. BROWN.

To Messrs. E. N. Bridges & Co., Philadelphia.

" Said draft, duly accepted by the said defendants, was not paid by them on the maturity thereof, March 16, 1834, nor hath it or

[Brown v. Bridges.]

any part thereof been since paid to the said plaintiff, or any one on his behalf, he being the legal holder and owner of the same.

"The summons in the above case was issued March 30, 1840, and duly served on both defendants.

"On the 1st day of April, 1834, both of the said defendants presented and filed in the Court of Common Pleas for the County of Philadelphia their respective petitions for the benefit of the insolvent laws of this state, said petitions being both sworn to by said defendants March 31, 1834, before Samuel Badger, alderman.

"Each of said petitions contains the following clauses:

"List of the within named petitioner's creditors, and the nature and amount of their debts, as far as he can ascertain the same.

"The list herewith annexed marked C. is a list of the debts owing by your petitioner as one of the late firm of E. N. Bridges & Co., in the shape of promissory notes and acceptances.

"In the said list appears the following entry:

"Joseph M. Brown, $757.13.

"Both of the said defendants were duly discharged as insolvent debtors on April 16, 1834.

"The said defendants have set forth the statute of limitations as their sole defence to the above suit.

"If the court should be of opinion with the plaintiff in the above case, judgment to be entered in his favour for the sum of $757.13, with interest from the 16th day of March, 1834, and costs of protest, $1.37½.

"If the court should be of opinion with the defendants, judgment to be entered for the defendants."

*Lex*, for plaintiff.
*Badger*, for defendant.

The counsel cited **3** *Cowen* 159; **2** *Tr. & Haly* 86; **6** *Wheat.* 514.

PER CURIAM.—An *acknowledgment* of a debt, to prevent the operation of the statute of limitations, must, at least, be consistent with a *promise* to pay.[1] This is the law in Pennsylvania. The acknowledgment in defendant's petition for the benefit of the insolvent laws is not of this character, for the very basis on which an insolvent asks his discharge is that he is *unable* to pay

[Brown v. Bridges.]

his debts. How this can be tortured into a promise to pay, or as being consistent with such a promise, we are at a loss to discover.

Judgment for defendant.