## ARNOLD and others *vs.* JERUSHA DOWNING, adm'x of M. Downing.

A decree made by a surrogate, establishing the indebtedness of an intestate's estate, upon a promissory note given by the decedent, and ordering a *pro rata* payment thereon, out of the assets, does not amount in law to a promise, on the part of the administratrix, to pay the balance; so as to deprive her of the benefit of the statute of limitations.

In order to take a demand out of the statute of limitations, by a part payment, it must appear that the payment was made on account of the debt for which the action was brought. And it must further appear that the payment was made *as part payment of a larger debt.*

To make a part payment evidence of a promise to pay the balance, it must be voluntary, on the part of the debtor; and it must occur under such circumstances as are consistent with an intent to pay such balance.

THIS cause was tried at the Chenango circuit, in September, 1850. The suit was commenced March 23d, 1850, on a promissory note given to the plaintiffs January 12, 1839, for $133,24, and signed by the defendant's intestate, Marshal Downing. The

Arnold *v.* Downing.

defense was the statute of limitations. The facts relied upon to take the case out of the operation of the statute were, that the maker died March 6, 1840. There were two indorsements on the note, viz. January 12, 1841, $29,35, and March 16, 1843, $17,60. The administratrix, on March 7, 1843, presented a petition to the surrogate of Chenango, praying for an order authorizing the sale of the real estate of the decedent to pay debts. On the 18th of July, 1843, an order of sale was made, in pursuance of the prayer of said petition. On the 10th of July, 1843, the surrogate made an order establishing certain debts as being due from said estate, among which was a debt to the plaintiff of $126,42; the whole indebtedness of the estate in the aggregate, as settled by said order or decree, amounting to $2611,14. This was followed by an order for the distribution of the avails of the estate among the creditors, which allowed the plaintiff the sum of $9,31, as his share of said estate. On the 10th of October, 1844, the administratrix appealed from the order of the 1st of July, 1848, establishing the debts, but no further proceedings were had on said appeal.

The defendant moved for a nonsuit on this evidence, for various reasons, among which were the following, viz. That the statute of limitations had attached, and that no payment had been proved of the money ordered to be distributed by the surrogate, and that if such payment had been proved, said order, and the payment by virtue thereof, by the surrogate, could not revive the debt, so as to enable the plaintiffs to recover on the note. And that the evidence was insufficient to enable the plaintiff to recover in this action. The court overruled the motion, and the defendant excepted. The counsel for the defendant then asked leave to go to the jury on the question whether there was a new promise proved by the evidence. But the court refused to submit the question to the jury, and directed them to find a verdict for the plaintiff. To all which decisions the counsel for the defendant excepted, and he now appealed to this court.

Arnold *v.* Downing.

*H. Bennett*, for the appellant.

*Southworth & Prichard*, for the respondents.

*By the Court*, SHANKLAND, J. The note was due immediately, and allowing the creditor the benefit of the eighteen months, as provided by statute, to be added, in consequence of the debtor's death, (2 *R. S.* 448, § 8,) the seven years and six months elapsed on the 23d of July, 1846. (3 *Hill*, 36.) And as this suit was not instituted until March, 1850, the question turns upon the effect of the surrogate's decree and order for distribution. Neither the administratrix's petition nor the order of sale to pay debts, nor any of the other proceedings before the surrogate, mention any particular debt as due to the plaintiffs, or whether it was upon a note. But as no objection seems to have been raised for the want of that proof, I shall take it for granted that the indebtedness to the plaintiff, as established by the decree, was on this note. The question then is, whether the decree of the surrogate establishing the indebtedness on this note, and ordering a *pro rata* payment out of the assets of the decedent, is in law a promise on the part of the administratrix to pay the balance, so as to deprive her of the benefit of the statute of limitations. It seems to me quite clear that it is not. In order to take a demand out of the statute of limitations, by a part payment, it must appear that the payment was made on account of the debt for which the action is brought. And it must further appear that the payment is made *as part payment of a larger debt ;* because the principle upon which a part payment takes a case out of the statute is, that it admits a larger debt to be due at the time of the part payment. Unless it amounts to an admission that more is due, it can not operate as an admission of any still existing debt. On this principle it was held, in the case of *Deyo* v. *Jones*, (19 *Wend.* 491,) that the consent of an executrix of her husband, that a note of her husband which was barred by the statute, might be deducted from a legacy due to her, by her father's will, did not amount to a promise to pay the balance of the note, so as to revive the debt against her as such

Arnold *v.* Downing.

executrix of her husband; although said note was owned by the estate of her father. And the court say, " that the admission, to avoid the statute, must amount to an unqualified acknowledgment of the debt, without any circumstance connected therewith indicating an intention not to become liable upon it. So in *Davis* v. *Edwards,* (6 *Eng. Law and Eq. Rep.* 520,) it was held that a payment on a note, made by the assignee of an insolvent under the directions of the insolvent debtor's court, was insufficient to take the case out of the statute of limitations, as against the insolvent, or the other makers of the note. (6 *Mees. & W.* 824. 1 *Exch. Rep.* 117.) Some of the English cases hold that there must not only be a part payment of the debt, but even an express promise in writing to pay the balance, in order to save the statute. (1 *Exch. Rep.* 118.) But since, there the rule has been changed, and an actual payment of part of a larger debt, is evidence of a promise to pay the balance, (*Cleave* v. *Jones,* 4 *Eng. Rep.* 514,) although not in writing, the same as was held, before the statute, requiring new promises to be in writing. It has been so held in Massachusetts also, under their act, which is similar to the English statute, and to the present code of this state. (9 *Metc.* 482. *Code,* § 110.)

But in order to make a part payment, evidence of a promise to pay the balance, it must be voluntary on the part of the debtor, and it must occur under such circumstances as are consistent with an intent to pay such balance; which is not the case when the payment is involuntary, or in the course of administering the assets of insolvents, bankrupts, or under decrees of surrogates. In this case the answer expressly denies that the payment was made by the administratrix, or with her assent; and there is no proof that it was so made.

But if the complaint was founded upon the decree of the surrogate, instead of the note, still the statute of limitations would be a valid bar, because those courts are not courts of record, and the 18th section of the statute of limitations (2 *R. S.* 224) declares judgments of courts not of record to be barred in six years. The statute (2 *R. S.* 206, § 1) declares the several courts treated

of in the first chapter of the act to be courts of record; in which chapter surrogates' courts are not included.

For the above reasons, the judgment should be reversed and a new trial granted, with costs to abide the event.

[CHENANGO GENERAL TERM, January 13, 1852.  *Mason,  Crippen,  Shankland* and *Gray,* Justices.]