HENRY A. HIDDEN v. BENJAMIN COZZENS.

Including a debt, barred by the statute of limitations, in a schedule of debts, filed with a petition for the benefit of the insolvent act, is not such an acknowledgment as will raise a new promise to pay the same.

ASSUMPSIT on a promissory note ; plea, the statute of limitations ; replication, a new promise. The only evidence of the new promise was a schedule of debts filed by the defendant with his petition for the benefit of the insolvent law, in which this note, being then barred by the statute, was included.

*Knowles* for the plaintiff contended. Our insolvent law simply releases the body of the debtor, but leaves his property, then existing and afterwards acquired, liable for his debts ; the most then which can be inferred from the petition is a wish to exempt the body from process, not an intent to avoid the payment of debts. The statute requires that the petitioner shall file a statement of his debts and to whom due, as also an inventory of his property, and the purpose of this provision is that it may appear whether or not he is able to meet the demands of his creditors ; but if this statement does not import a promise to pay the debts, so stated to be due, according to the spirit of the act under which the application is made, that is, by a devotion of his property to that purpose, then, so far as such debts are barred by the statute,

the statement is wholly illusory. Nor can the Court, without imputing gross dishonesty to the debtor, avoid inferring a promise to pay the debt from a statement under oath that it is due, such acknowledgment being qualified simply by the purpose which the debtor had in view, which was not an exemption from payment, but from arrest and imprisonment.

*Cozzens* for himself.

GREENE, C. J. delivered the opinion of the Court.

Where the creditor does not rely upon an express promise but upon a promise to be raised by implication of law from the acknowledgment of the party debtor, we think such acknowledgment ought to contain an unqualified and direct admission of a previous subsisting debt, which he is liable and willing to pay. If there be accompanying circumstances which repel the presumption of a promise or intention to pay, the admission is of no avail. If the acknowledgment be accompanied by the declaration of the debtor, that he is unwilling or unable to pay the debt, the declaration neutralizes the effect of the acknowledgment.

This is substantially the doctrine in *Bell* v. *Morrison, et al.*, (1 Peters, 362.)

A petitioner for the benefit of the insolvent law is required by that law to annex to his petition a true inventory of all his debts. This is not made with any view to payment of the debt, but on the contrary, is annexed to and made a part of the petition in which the debtor under oath states he is unable to pay ; and so far from being an acknowledgment of a subsisting debt which the party is

liable and willing to pay, the acknowledgment is made to protect him from process by the creditor to compel him to pay it. The substance of the proceeding is, he says to the Court the debt is due, but I cannot pay it, and ask of you to exempt my body from process by the creditor to compel me to pay it.

We do not think the law will raise an implied promise to pay from such an acknowledgment.

In *Hancock* v. *Bliss*, (7 Wend. 267,) the debtor admitted the debt but said it was not in his power to pay it at that time, but he hoped to see the plaintiff to do something about it. This was held insufficient.

In *Brown* v. *Bridges*, (2 Miles, 424,) the question now raised came up under the insolvent law of Pennsylvania. It was there held that an acknowledgment of a debt, by including it in a schedule of debts on filing a petition under the insolvent law of that State, will not take it out of the statute. I have not been able to obtain a report of the case and cite it from a note of it in the supplement to the United States Digest, Vol. v, p. 369, sec. 473.