THE COMMERCIAL MUTUAL INSURANCE COMPANY *vs.* BRETT
and others.

An acknowledgment, to be sufficient to take a case out of the statute of limitations, must not only be an admission of the existence of the debt, but in addition thereto, a recognition of a liability to pay, in such a mode as will authorize the inference of a new promise.

The makers of promissory notes, being sued thereon put in an answer admitting the making of the notes, and claiming that they were premium notes; that a loss had been sustained under the policy; and that the notes should be paid out of the insurance moneys. *Held* that this was not a sufficient acknowledgment to revive a debt barred by the statute of limitations; there being no admission of present indebtedness, or of any willingness to pay the notes, from which a promise to pay might be inferred.

An answer in the cause being a compulsory statement under oath, the occasion when, and the circumstances under which, statements in it are made, repel any implication of a promise to pay the demand, from any acknowledgment therein.

THIS action was to recover the amount of two promissory notes made by the defendants to their own order in October and November, 1853, and falling due on 6th October, 1854. The notes were given for premium on a policy of insurance on a vessel of the defendants. The answer avers that the cause of action accrued more than six years before the commencement of the action. There were also other defenses in the answer, but the case was decided by the justice before whom the case was tried without a jury, on the ground of limitation solely, and he rendered judgment for the defendants. The notes matured on, 6th October, 1854, and the action was commenced on, 2d February, 1861.

The plaintiffs sought to avoid the effect of the statute of limitations by producing in evidence a judgment roll filed in the superior court, in an action between the same parties, on these notes, in which an answer was put in by the defendants in August, 1857, and which action was subsequently discontinued. In this answer the defendants admitted the execution of the notes, and alleged that a loss had taken place under the policy, for which they were entitled to recover

against the plaintiffs, and claiming that the amount of such notes should be deducted from the amount of loss, and that they should have judgment against the plaintiffs for the balance of the sum insured. The plaintiffs insisted that the admission in this answer took the case out of the statute.

*Wm. D. Booth*, for the appellants. I. The judgment roll introduced in evidence by the plaintiffs' counsel was *res adjudicata* upon the several defenses of recoupment, set-off, and counter claim, and it was evidence of a formal acknowledgment within six years of liability upon the notes in suit. 1. It was a voluntary acknowledgment by counsel on behalf of their clients, in open court, in the course of a regular judicial proceeding, of the validity of the debt, and it was then and there actually credited to the present plaintiffs. The question of liability upon those notes was collaterally involved in that litigation, and was never disputed. 2. In *Rymer* v. *Cook*, (1 *Moo. & Mal.* 86, 7, *n.*) it was held that a bill of particulars delivered under a judge's order is an admission, and the defendant was allowed to use it as such, and adopt a credit therein as proof of part payment. An admission in a case is conclusive against the party and those having privity of interest. (*Vandervoort* v. *Smith*, 2 *Caines' R.* 155.) 3. The privity of interest between the plaintiffs in that suit and the defendants here is apparent, and the principle that an appeal pending does not impair the effect of the estoppel is too well established to admit of any question.

II. The answer of the defendants, in the previous action brought in the superior court, *upon the same notes, and between the same parties*, which was offered and read in evidence by the plaintiff's counsel, contained a sufficient acknowledgment of the debt to take the cause of action out of the operation of the statute. 1. That answer was signed and sworn to within the six years, August 1, 1857, by James E. Brett, one of the defendants. The code provides that the

verification of a joint answer by one of several parties united in interest, is deemed the act of all. (§' 157.) 2. That answer controverted none of the material allegations of the complaint. It contained merely a class of defenses which *confessed* and sought to avoid the subject matter of the action, viz. recoupment, set-off and counter-claim. (*a.*) *Recoupment* is in its nature an acknowledgment of the plaintiff's claim. "In recoupment, the right of the plaintiffs to sue, is admitted." (*Nichols* v. *Dusenbury*, 2 *Comst.* 286.) (*b.*) *Set-off* is a mode of defense by which the defendant *acknowledges the justice of the plaintiff's demand*, but sets up a demand of his own against the plaintiff to counterbalance it either in whole or in part. (*Barbour on Set-off, p.* 17.) (*c.*) *Counter-claim*, is analogous to the preceding defenses. It contains the same acknowledgment of the validity of the plaintiffs' demand. It is undoubtedly broader and more comprehensive than set-off, or recoupment. It embraces both. (*Vassear* v. *Livingston*, 3 *Kern.* 256.) The rights of the plaintiffs to claim, and the defendants to counter-claim, must be reciprocal. (21 *How. Pr.* 289.) "For strictly there can be no counter-claim where the plaintiff has no claim." "It admits the plaintiff's demand." (*Bellinger* v. *Craigue*, 31 *Barb.* 534 539.) (*d.*) Each of these several defenses contained the acknowledgment of the debt—distinctly and deliberately made—and were signed as well as sworn to by one of the joint parties sought to be charged. This was a sufficient acknowledgment to remove the bar of the statute. (*Brigham* v. *Hutchings*, 1 *Williams, Vt.* 569. *Murray* v. *Coster*, 20 *John.* 604.)

*H. G. DeForest*, for the respondents. I. There was no evidence tending to show any acknowledgment or promise, contained "in any writing signed by the party to be charged thereby," as required by the code. (*Code*, § 110.)

II. It was not claimed that there had been any part payment.

III. To revive a debt barred by the statute, there must be an express promise, or an acknowledgment of a *subsisting liability*, and a *willingness* to pay it. (*Allen* v. *Webster*, 15 *Wend.* 284. *Deyo* v. *Jones*, 19 *id.* 491. *Winchell* v. *Hicks*, 18 *N. Y. Rep.* 558.)

IV. The answer of the defendants, put in evidence by the plaintiffs, expressly claimed that the makers of the notes were entitled to a set-off to their full amount.

V. The judgment roll read in evidence was in an action in which these defendants were not parties, and no proceedings in that action could prevent the interposition of the statute by these defendants.

*By the Court*, INGRAHAM, P. J. The words of the statute applicable to this case are as follows : " No acknowledgment shall be sufficient evidence of a continuing contract whereby to take the case out of the operation of this title, unless the same be contained in some writing signed by the party to be charged thereby. (*Code*, § 110.) What was necessary as an acknowledgment to take a debt out of the statute was fully discussed in *Allen* v. *Webster*, (15 *Wend.* 284,) and after citing various cases, Savage Ch. J. says : " Since the case of *Sands* v. *Gelston*, there has been no dispute as to what the rule in fact is, to wit, that to revive a debt barred by the statute of limitations, there must be an express promise, or an acknowledgment of a present indebtedness ; a subsisting liability, and a willingness to pay it. If the defendant denies its justice, or claims the protection of the statute, no action lies." This was before the present statute was passed, and while a parol promise would have been sufficient. The rule has, however, remained the same as to what was necessary to constitute a sufficient acknowledgment. In *Van Keuren* v. *Parmelee*, (2 *Comst.* 523,) the same rule was recognized. " There must at the least be a plain admission that the debt is due, and that the party is willing to pay it." It was also assented to in *Shoemaker* v. *Benedict*,

(1 *Kern.* 176,) where it was said, "That to continue or revive the debt, there must be an express promise to pay, or an acknowledgment of the existence of the debt, with the admission or recognition of an existing liability to pay it, from which a new promise may be inferred." And again, "The same authority is required to make the promise before as after the six years have elapsed." This was again recognized as the correct rule, in *Winchell* v. *Hicks*, 18 *N. Y. Rep.* 558.)

From these and many other cases, which might be cited, I think it is clear that an acknowledgment to be sufficient must not only be an admission of the existence of the debt, but in addition thereto a recogniztion of a liability to pay, in such a mode as will authorize the inference of a new promise.

The present case does not present any such acknowledgment. The defendants were sued upon these notes in the superior court. The answer which is relied on as containing the acknowledgment, admitted the making of the notes and claimed that they were premium notes; that a loss had been sustained under the policy; and that the notes should be paid out of the insurance moneys. There is nowhere in the answer any admission of present indebtedness, or any willingness to pay the notes, from which a promise to pay might be inferred, but on the contrary, a clear intent to dispute any liability on the notes and to insist that they had been paid by the loss, according to the terms of the policy. This would be sufficient to dispose of this case, but there is also another principle applicable to it, which is equally fatal to a recovery and which it is well to refer to. The admission is not a voluntary one, but is one forced from the defendant by bringing the action, and which was necessary to set up the defense.

In *Deyo* v. *Jones*, (19 *Wend.* 491,) Nelson, Ch. J. says: "The admission to avoid the statute must amount to an unqualified acknowledgment of the debt, disconnected with any

circumstance indicating an intention not to become liable upon it." If there be no promise, but one is to be inferred from the admission, such an acknowledgment ought to contain an unqualified admission of a present subsisting debt which the party is liable and willing to pay. (*Bell* v. *Morrison,* 1 *Peters,* 351.) And in *Bloodgood* v. *Bruen,* (4 *Selden,* 362,) it was held that when an acknowledgment is made in an answer to a bill in chancery or drawn out from the debtor when testifying as a witness, no promise can be implied. MASON J. says : The answer was a compulsory statement under oath ; the occasion when and the circumstances under which it was made repel any implication of a promise to pay the demand."

The answer in this case was compulsory. The statements were necessarily made to set up the defense relied on, and instead of showing any thing from which a promise to pay may be inferred, the whole answer clearly shows the intent of the defendants to deny their liability and insist on having a good defense to the notes. It would be extremely difficult from such statements to infer that the defendants promised to pay.

The judgment should be affirmed.

[NEW YORK GENERAL TERM, September 19, 1865. *Ingraham, Geo. G. Barnard* and *Clerke,* Justices.]