*549 By the Court,
Robertson, Ch. J.
The only circumstances upon which the plaintiffs rely, to take so much of their demand as accrued before December 8,1857, out of the statute of limitations, are two payments alleged to have been made by the defendants on account of such demand, within six years before the commencement of this action. The date of such commencement is not contained in the case, as required by the 43d general court rule, but it was evidently not before the date of the summons, in May, 1864. The first of such payments found by the referee, of §2610.94, as having been made on the 3d of March, 1858, is not alleged in the complaint, nor is there any evidence in the case of any such sum having been paid. The only testimony relating to any other payment than that of §10,046.79, made in July, 1858, (to be presently noticed,) was that of one of the plaintiffs, (Berrian,) who testified that an appropriation was made by the city through the common council, of §14,900 to pay the plaintiffs, on the VJth of March, 1858, as he thought, and that the whole amount of their bills was §14,900. “Part of these bills,” as he stated, “were assigned, to the amount of about §2000. This assigned amount was paid by the city * * about the time of the appropriation.” That “appropriation,” another witness (Taylor) testified, was made by a report of a conference committee of both boards of the common council, adopted in January, 1858, and approved by the Mayor, on the 3d of March, 1858. Such payment of such assigned claims, even if then made, was, however, more than six years before the commencement of this action ; so that even if an unconditional payment on account of the whole demand, could be established by a general statement of such payment, (without specifying to whom, by whom, or under what circumstances it was made, or even stating that the witness saw it made,) unless a payment to assignees of some bills for services, rendered on separate occasions, and assigned separately, could operate in law as an admission to take the whole claim out of the statute, such a payment must be disregarded as having any effect to revive the residue of it.
The other payment, of upwards of ten thousand dollars, *550 ($10,046.39,) in June, 1858, was made and received in full of all demands, expressly, by the agreement contained in the written acknowledgment of it. It, therefore, operated as a direct repudiation and denial of any further liability, and could not operate to take the residue of any demand out of the statute of limitations. (Arnold v. Downing, 11 Barb. 556, and cases cited. Deyo’s ex’rs v. Jones’ ex’rs, 19 Wend. 491. 6 Eng. L. & Eg. 520.) The question of the operation of the acceptanee of such payment in satisfaction of a larger demand ás a discharge, is entirely different from its effect in taking the residue of such demand out of the operation of such statute, and being, therefore, immaterial to the case, need not be discussed. The finding of the referee that the plaintiffs never agreed to accept such sum in full of all their claims, even if not' inconsistent with the fact most material on the question of the revival of the claim that the defendants only paid it upon condition that it was so accepted, and their agent so stated when he paid it, thereby denying any further liability, was directly in the face of the written agreement to that effect, contained in the acknowledgment of such payment, signed by one of the plaintiffs ; in which, of course, all prior negotiation and discussion was merged. The failure of such plaintiff to observe the contents of what he signed, and his protest against receiving such sum upon any such condition, as being in full of all demands, were immaterial, after he had been informed that such payment was upon such condition only, and such receipt, in consequence, was presented to him to sign. The agreement so entered into cannot be explained away by parol evidence, merely because it accompanies and is contained in an acknowledgment of the receipt of the money.
The defense of the statue of limitations being thus unaffected as to all claims prior to December, 1857, by any admission by payments, the sum paid in June, 1858, is to be first applied in payment of that part of the claims of the plaintiffs which accrued after that date. It is true, as a general rule, that the application of money paid generally, may be made by *551 the creditor, to which of several claims he pleases, when not made by the debtor, or if not made by either, it is applied to those which first accrued, but not upon the ground that such application is most beneficial to the creditor. The debtor, however, need not make, on his part, an express direction for such application, but one may be inferred from circumstances. (Stone v. Seymour, 15 Wend. 19. S. C. 8 id. 403. Robert v. Garnie, 3 Caines, 14. Shaw v. Picton, 7 Dowl. & Ryl. 201. Taylor v. Kymer, 3 Barn. & Ad. 333. Lysaght v. Walker, 5 Bligh, N. S. 1.) No stronger case for the implication of a direction; by a debtor, first to apply money paid by him to that part of his indebtedness which accrued last, can well be imagined, than when his earlier indebtedness is barred either by the statute of limitations or otherwise, and such payment is expressly made and received in full of all demands. Such application is most favorable to the debtor, and to suppose an intent by him to make a different one would be to infer his voluntary retention of a liability, in the face of¡ his making such payment solely on the faith; of a waiver by the creditor of any other claim. A claim, to apply the rule of law which renders null a parol agreement to accept a sum less than what is due in satisfaction of such greater demand, is not so meritorious as to require the application of a general payment to be made in such a manner, as to enable the party making such agreement to escape its performance under such rule. The statute of limitations is sometimes considered an ungracious defense, but it can only answer the purpose of its passage, when it protects a party from the consequences of a loss of papers and evidence. In this case one at least of the two comptrollers, with whom the plaintiff's negotiated, died before the action was brought. A stale claim revived nearly six years after an agreement to receive a certain sum in full of all demands, does not merit much favor in regard to the claims to which a payment made on general account is to be applied, particularly against a municipal body, whose financial agent who, made such payment and his successor are dead. The application of such payment to the- claims of the plain *552 tiffs in evidence which accrued after the 8th of December, 1857, would have fully satisfied them. It is true, the referee found the value of the work and services mentioned in the complaint and schedule annexed to have been $14,900, which appears to have been bas> :d upon the testimony of the plaintiff Berrian, as to the accuracy of a bill (marked A) exhibited by him on the trial. This seems to have been the bill of particulars, marked in the same way, which was after-wards introduced in evidence, and was apparently annexed to the complaint. But by such, bill of particulars the only amount claimed was in all but $12,178.66. The discrepancy may arise, from omitting from such bill the items said to be assigned and paid to the assignees in March, 1858, found by the referee to amount to $2610.94, the payment of which left only $12,657.33 due to the plaintiffs. Taking either that or the amount of the bill of particulars as the total of the claim of the plaintiffs unpaid in June, 1858, less than $9500 of it accrued after the 8 th of December, 1857. Over $3400 of the items mentioned in such bill appear by it to have accrued before that date. This would leave from $800 to $1000 of the sum paid and received in June, 1858, to be applied on account of the indebtedness of the defendants before the 8th of December, 1857, and enough to satisfy all due afterwards.
Neither the authority given by the legislature to the defendants to raise by taxation $14,900 to pay what was due the plaintiffs, or their actual collection of that sum by taxation could convert them into private trustees or agents of the plaintiffs ; and liable for money had and received, because they collect and disburse it as public agents. Whatever remedy the plaintiff's may have to obtain such sum under such statute and collection, by mandamus or other process, it is not by an action. Nor were the promises of comptrollers of the city, or the report of the finance committee of the common council, preparatory to collecting the tax levy, such an admission in writing as to bind the defendants, so as to take the case out of the statute of limitations.
The foregoing views render it unnecessary to consider *553 whether the defendants escaped liability for the work done and materials furnished, in consequence of the want of a previous appropriation and authority from the common council of the city. The referee’s report cannot be sustained. The judgment upon it must be reversed and a new trial had, with costs to abide the event, and the order of reference must be vacated.