Van Brunt, P. J.
Upon considering this case and the questions which have been raised upon this appeal, it is not deemed necessary to add anything to those reasons which the learned referee has given for the judgment which he has rendered in this action.
He seems to have placed his decision upon an impregnable ground, and which entirely answers all the claims that have been made upon the argument of this appeal, and if an opinion were written, it would be nothing but a reiteration of the grounds taken by the referee.
The judgment should therefore be affirmed upon the opinion of the referee, with costs.
Brady and Bartlett, JJ., concur.
The following is the opinion of the referee:
Hamilton Odell,
Referee This action is brought by the plaintiff, as executor of Mary Etta Camp, deceased, upon two promissory notes, made to William Smith by the defendants as copartners, in the year 1872. The defense is the statute of limitations.
William Smith died in 1875. Mary Etta Camp, his daughter, died in 1884. These notes were found by the plaintiff among her papers, indorsed by William Smith, in blank, and inclosed in an envelope bearing this inscription in his handwriting: “June 7, 1873, Mary E. Camp, $7,448, notes.”
In 1868, Mrs. Camp became the assignee and owner of a bond and mortgage for $35,000, made by the defendant James W. Smith to William Smith, which still remains in a large part unpaid; and the same defendant in 1875, and following years, became individually indebted to her in a large amount for moneys received by him, and which represented substantially, her share of her father’s estate, of which said defendant was an executor.
It is alleged in the complaint, and admitted in the answer of James W. Smith, that “before February 1, 1874, and thereafter, from time to time, in each and every year, until the death of said Mary Etta Camp, that defendant, James W. S. Smith, made various payments to said Mary Etta Camp, and, also, that on the 14th day of October, 1885 the plaintiff, as executor, received from said defendant the *269 sum of $100, and the further sum of $100, on the fourteenth day of November following. These latter payments the plaintiff claims to have applied on account of the two notes in suit, and his testimony is, that such application was made by him in January, 1886, by advice of his counsel, in order to “renew the notes or to- keep the notes alive.”
The proofs show that all these payments were made by Mr. Smith out of his personal funds.
It is not claimed that any of the payments made by James W. Smith were made on account of these notes specifically, and the proof is that he had no knowledge prior to November, 1885, that they were held by Mrs. Camp.
Neither is it claimed that Mrs. Camp applied any such payments upon either of these notes. But it is contended by the learned counsel for the plaintiff, that, as neither debtor or creditor made application of such payments, the duty of applying them devolves upon the court,and that justice and equity require that they shall beso applied that these co-partnership notes shall be protected against the operation of the statute. In another case between these parties I have, in effect, ruled this point against the plaintiff, and have held that payments made by James W. Smith, individually, out of his individual moneys, to a creditor, to whom he was individually indebted, should be applied to such individual indebtedness to the exclusion of any joint indebtedness of himself and his co-defendant in this action. If there is error in that decision it has not been pointed out to me. The suggestion that the court will presume that a debtor, making a general payment, makes it with the intention of keeping alive all his debts, has force, perhaps, as to such debts and demands as he knows the creditor to hold against him. Unless so limited, I should deny the accuracy of the proposition. And the argument which is pushed by the plaintiff’s counsel, that it may be inferred from the circumstances of this case, that the payments in question, or some of them, were intended by Mr. Smith to be applied upon the notes in suit, goes down before the fact that he did not know when the payments were made, that the notes were held or claimed by Mrs. Camp.
The question remains: What was the effect of the plaintiff’s endorsement upon the notes of the two payments of $100 each, made by James W. Smith, in October and November, 1885 % The notes were then outlawed. Were they revived by the endorsements %
It is for the debtor to decide whether a debt, barred by the statute, shall be revived and paid. Graham v. Keys, 5 Casey, 189.
*270 The statute is a complete bar, and no admission of the debt will avoid the discharge unless made under circumstances which indicate a willingness to pay. Bloodgood v. Bruen, 8 N. Y., 369; Turner v. Martin, 4 Robt., 664, Fiske v. Hibbard, 45 Supr., 333; Loomis v. Decker, 1 Daly, 188.
And where an admission is inferred from a partial payment, it must appear that the payment was, in fact, made on account of the debt for which the action is brought. Arnold v. Downing, 11 Barb., 554; Stafford v. Bryan, 3 Wend., 532.
These propositions appear to be well settled. They are decisive of this part of the case. The debtor’s assent, plainly expressed, is absolutely necessary to the revival of a dead cause of action. Such revival cannot be accomplished by any act of the creditor alone. The motion to dismiss the complaint is granted.