HANCOCK vs. BLISS and others.

Where a debtor virtually admitted a demand barred by the *statute of limitations* to be *unpaid*, but instead of *promising to pay* it, or expressing a *willingness* to pay it, declared his inability to do so, that he hoped to see his creditors, and to do something about it, IT WAS HELD, that what was thus said was not *such an acknowledgment* of a subsisting debt as to authorize *the implication of a new promise*.

A promise is not to be implied, if from all the conversation the presumption of a promise is repelled.

THIS was an action of assumpsit, tried at the New-York circuit, in October, 1829, before the Hon. WILLIAM A. DUER, then one of the circuit judges.

The action was on a promissory note for $1000, dated the 22d August, 1809, made by Bliss, as one of the firm of " Hastings, Etheridge & Bliss," in the name of the firm, payable to the plaintiff 30 days after date. The defendants pleaded the general issue and the *statute of limitations*. The note was made in Massachusetts, where all the parties then resided, and where the plaintiff continues to reside. Since 1815 Bliss has has been a resident of New-York. In April, 1825, a son of the plaintiff called on Bliss, at the request of the plaintiff, and told him that the plaintiff had a note against him, and wished him, the witness, to call and see if he, (Bliss,) would do any thing about it. Bliss answered, that his business was very poor, that he was obliged to purchase books on credit and sell them for cash, and that *it was not in his power to pay the note at that time; but he hoped to see the plaintiff and to do something about it.* In December, 1827, this same witness again called on Bliss, shewed him the note, and requested him to pay it, and observed to him it was the same note he had called upon him about formerly. Bliss said he recollected his calling before; that money was very scarce, that specie was going out of the country, and that it was not in his power to do any thing about it. He asked the witness if his partners had done nothing, and if he were to do any thing about the note what his other creditors would do. On this evidence the plaintiff rested, and the defendant moved for a *nonsuit*, which was de-

nied by the judge, who charged the jury that if they considered what passed between the witness and Bliss amounted to an acknowledgment that the note was a subsisting debt, they ought to find for the plaintiff; such an acknowledgment being sufficient evidence of a new promise to pay the note. The jury found a verdict for the *defendant*, which the plaintiff moved to set aside.

*D. D. Field & R. Sedgwick*, for plaintiff.

*J. M. Ely*, for defendants.

*By the Court*, SAVAGE, Ch. J. The judge stated the law correctly to the jury, as far as he went. The statute of limitations forms a bar to the contracts enumerated in it, on the ground that lapse of time raises a presumption of payment; when, therefore, the admissions of the debtor repel the presumption of payment by recognizing a subsisting demand, a promise is raised by implication of law; an express promise is not necessary. The acknowledgment, however, must be explicit, and without a denial of the equity or legality of the demand; hence, if the defendant *denies the justice* of the demand, or *reposes* himself upon the statute, a promise will not be presumed; or, "if such acknowledgment is qualified in the way to *repel the presumption of a promise to pay*, then it will not be evidence of a promise sufficient to revive the debt and take it out of the statutes." 15 Johns. R. 520. The jury, in this case, must have been of opinion that the defendant, in making the admission which was proved, made other declarations inconsistent with the idea of a promise. The defendant said he was poor, and unable to pay any thing at that time, but he hoped to see the plaintiff and do something about it. The defendant certainly did not intend to make a promise to subject himself to an action, in the same breath, when he declared his inability to pay the demand; and the jury, taking the whole into consideration, have come to the conclusion that he intended to refuse the payment at present. He evidently intimated that he was not liable, when he expressed a hoped to see the plaintiff, and do something, and asked what his other creditors would do, implying that he might expect trouble

from them. The case of *Murray* v. *Coster*, 20 Johns. R. 576, was decided upon its own peculiar circumstances, and is authority for a similar case ; and there are cases in East's reports not distinguishable from this, in which the admission was held sufficient to raise a promise, even where the party sai d he would not pay. But the more recent cases have considered the plain import of the language used ; it is an absurdity to say that a man promises, when he declares that he will not promise.

The language of Mr. Justice Story, in *Bell* v. *Morrison*, 1 Peters' R. 351, has been cited and adopted in this court and in the court for the correction of errors. 3 Wendell, 190. Id. 536. The doctrine laid down is this : that an acknowledgement from which a promise is to be implied, should contain an unqualified and direct admission of a previous and subsisting debt which the party is *liable* and *willing* to pay ; and that if, from all the conversation, the *presumption of a promise is repelled*, or the expressions be equivocal, leading to no certain conclusions, then they ought not to be submitted to the jury as evidence of a new promise. The case how before the court seems to me such an one as is there described ; the expressions were vague and, indeterminate, leading to no certain conclusion, and at most only to probable inferences, which may affect different minds in different ways. If I am right in supposing this to be the character of what was said by the defendant, then the judge would have been justified in refusing to submit the testimony to the jury, according to the case last referred to, and that of *Clarke* v. *Dutcher*, 9 Cowen, 679, where it was held, that where the facts are undisputed, it is for the court to determine whether they take the case out of the statute or not ; but where there is any dispute as to the facts which tend to prove the new promise, then the question is a mixed question of law and fact, and should go to the jury.

It is not to be denied that the cases on this question are contradictory ; to undertake to reconcile them would be a hopeless task, But the latter cases in- this case—in the supreme court of the United States—in England, and in some of our sister states, are in accordance with the rule as. above expressed. I am therefore of opinion that a new trial be denied.