JONATHAN BAILEY *et al. versus* ELIJAH CRANE.

The maker of a promissory note wrote a letter to the holder, saying, "next week I shall be able to send in to C. T. a statement of my affairs. He will show you the whole of my property and ask for a discharge. I should have done this before, but have been sick and been obliged to work for my board. I have large demands &c. but I cannot collect them and think I never shall." *Held*, that this letter was not an acknowledgment to take the note out of the statute of limitations.

ASSUMPSIT on a promissory note, dated February 14, 1829, by which the defendant promised the plaintiffs to pay them or their order $ 584·72 in six months.

Trial before *Putnam* J.

The defence was the statute of limitations, the action having been commenced on the 14th of June, 1836.

To take the case out of the statute, the plaintiffs relied on a letter from the defendant to one of the plaintiffs, as follows : " Brookline, July 14th, 1831. Mr. J. Bailey. Dear Sir, I received your note yesterday. I hasten to inform you that next week I shall be able to send in to Mr. Charles Thacher, India Wharf, Boston, a statement of my affairs. Mr. Thacher will show you the whole of my property and ask for a discharge. I should have done this before, but since I have been back have been sick and have been obliged to work for my board. I have large demands on the merchants of Savannah and Augusta, but I cannot collect them and think I never shall. I remain your unfortunate but very humble servant, E. Crane jr."

To the admission of this letter the defendant objected, as not competent to go to the jury to prove an acknowledgment sufficient to take the case out of the operation of the statute ; and so the judge ruled : to which ruling the plaintiff excepted. A verdict was taken for the defendant.

*Ellis Ames*, for the plaintiffs, cited *Whitney* v. *Bigelow*,    Oct. 31st 4 Pick. 110.

*Metcalf*, for the defendant, cited *Bicknell* v. *Keppel*, 1 New Rep. 20 ; *Porter* v. *Hill*, 4 Greenl. 41 ; *Bell* v. *Rowland*, Hardin, 301 ; *Stafford* v. *Bryan*, 3 Wendell, 532 ; *Coltman* v. *Marsh*, 3 Taunt. 380 ; *Fiske* v. *Needham*, 11 Mass. R. 456 ; and the cases referred to in the opinion of the Court.

MORTON J. delivered the opinion of the Court. The doctrine laid down in the case of *Bangs* v. *Hall*, 2 Pick. 368, was well considered, has since been tested by experience, and is undoubtedly sound and wise. It has been everywhere acknowledged as sound law. *Whitney* v. *Bigelow*, 4 Pick. 110; *Sigourney* v. *Drury*, 14 Pick. 390; *Perley* v. *Little*, 3 Greenl. 97; *Deshon* v. *Eaton*, 4 Greenl. 413; *Hancock* v. *Bliss*, 7 Wendell, 267; *Wetzell* v. *Bussard*, 11 Wheat. 309; *Bell* v. *Morrison*, 1 Peters's Sup. C. Rep. 351.

The principles there laid down are, that to take a debt out of the statute of limitations, there must be either an express promise to pay, or an unqualified acknowledgment of present indebtedness. In the latter case the law will imply a promise to pay. This implication may be rebutted, not only by modification or qualification of the acknowledgment, but also by an express refusal to pay, or by a reliance upon the statute, or by any other circumstance which shows a determination not to renew the promise to pay.

The acknowledgment need not be proved by positive evidence, but may be inferred from part-payment or other circumstances. Part-payment, however, cannot be proved by an indorsement made by the party himself. *Whitney* v. *Bigelow*, 4 Pick. 110.

An acknowledgment, to take a debt out of the statute, must satisfactorily appear to refer to the very debt in question. *Clark* v. *Dutcher*, 9 Cowen, 674. As the defendant has not shown that there was any other debt due from him to the plaintiff, his letter must be presumed to apply to the note in suit. Had there been any other demands between the parties, it could not have been known to which it referred, and so it could not be applied to either.

The letter contains no express promise. And although 't may perhaps imply an acknowledgment of indebtedness, yet if so, it contains such qualifications and explanations as to exclude any implication of a promise to pay. The defendant obviously does not contemplate a payment of the note, but avows his inability to pay, desires a discharge without payment, and clearly does not express a willingness, much less assume an obligation to pay. *Hancock* v. *Bliss*, 7 Wendell, 267.

*Judgment on the verdict*