George N. Manchester et al., Respondents, *v.* Philip Braedner, Appellant.

Where one delivers to another an order on a third person to pay a specified sum to the payee, the natural import of the transaction is that the drawee is indebted to the drawer and the latter is indebted to the payee in the sum specified, and that it was given to the payee as the means of paying or securing the payment of his debt.

Statement of case.

Such an order, therefore, in the absence of evidence showing a different relation between the drawer and payee is an acknowledgment in writing by the former of a debt within the statute of limitations (Code Pro., § 110; Code Civ. Pro., § 395), and continues the debt for a period of six years from its date.

Such an order does not import that the debt so acknowledged is only to be paid out of the fund against which it is drawn.

To constitute an acknowledgment of a debt, such as will take it out of the statute, the writing must acknowledge an existing debt, and must contain nothing inconsistent with an intention on the part of the debtor to pay.

Oral evidence, however, may be resorted to, as in other cases of written instruments, in aid of the interpretation.

(Submitted October 14, 1887; decided November 29, 1887.)

APPEAL from judgment of the General Term of the Supreme Court in the first judicial department, entered upon an order made January 9, 1885, which affirmed a judgment in favor of plaintiff entered upon the report of a referee.

This action was commenced June 20, 1882, to recover for building materials furnished and delivered by plaintiffs to defendant. The defense was the statute of limitations.

It appeared that defendant in February, 1876, entered into an agreement with one Hoover, who was engaged as contractor in building certain houses, to do all the plastering for a sum agreed upon, payable in installments as the work progressed. Plaintiffs agreed to furnish the materials, defendant agreeing to pay therefor in cash as wanted. In pursuance of this agreement plaintiffs furnished, between March 1 and June 12, 1876, materials from time to time as ordered. About that time Hoover became embarrassed and abandoned the work. The sub-contractors, and among them defendant, entered into an arrangement with Hoover to continue the work, and defendant delivered to plaintiffs three orders on Hoover, dated June 21, 1876, for sums aggregating the amount of their bill, payable, as the work progressed, from the sums coming to him under his contract. Defendant resumed his work, but in a few days abandoned it and refused to go on with the same.

*Philip L. Wilson* for appellant. Plaintiffs' account in this action is not a mutual open and current account under section

386 of the Code of Civil Procedure. (*Peck* v. *N. Y. and L. S. S. Co.*, 5 Bosw. 226, 236; *Green* v. *Disbrow*, 79 N. Y. 1, 9.) An order given, intended to be payment in full, is not an acknowledgment of an existing debt. (*Berrean* v. *Mayor, etc.*, 4 Rob't. 538; *Arnold* v. *Downing*, 11 Barb. 554.) The admission or promise must be absolute. These orders are conditional. (*Ross* v. *Ross*, 6 Hun, 81.) The acceptance of a non-negotiable promise of payment does not *suspend* the remedy. (*Gallery* v. *Prindle*, 14 Barb. 186; Wait's Actions and Def. 294, § 4; *Franklyn* v. *Robinson*, 1 Johns. Ch. 157; *Mullett* v. *Shrump*, 37 Ill. 107; *Scouten* v. *Eislord*, 7 Johns. 36.) The Code requires the acknowledgment or promise to be in writing, but does not alter the effect of a payment; however, the payment must be on account. (*Henry* v. *Root*, 33 N. Y. 528; *Purdy* v. *Austin*, 3 Wend. 187; *Bell* v. *Morrison*, 1 Peters, 351; *Stafford* v. *Bryan*, 3 Wend. 532; *Bloodgood* v. *Bowen*, 4 Seld. 362.)

*Charles De Kay Townsend* for respondents. Until after the 21st of June, 1876, the plaintiffs had no cause of action against defendant, and until then the statute of limitations did not commence to run. (*Pursell* v. *Fry*, 19 Hun, 595; *Smith* v. *Velie*, 60 N. Y. 111; *Schack* v. *Garrett*, 69 Penn. St. 144; *Eliot* v. *Lawton*, 7 Allen (Mass.) 274; *Little* v. *Smiley*, 9 Ind. 116.) The signing and delivery by defendant of the three orders on Wm. H. Hoover was an acknowledgment in writing sufficient with section 395 of the Code of Civil Procedure to take the case out of the statute of limitations. (*Smith* v. *Ryan*, 66 N. Y. 352; *Henry* v. *Root*, 33 id. 528; Wood on Lim. §§ 64–81; *Irving* v. *Veitch*, 3 M & W. 112.)

ANDREWS, J. When one delivers to another an order on a third person to pay a specified sum of money to the person to whom the order is given, the natural import of the transaction is, that the drawee is indebted to the drawer in the sum mentioned in the order, and that it was given to the payee as a means of paying or securing the payment of his debt. In

other words, it implies the relation of debtor and creditor between the parties to the extent of the sum specified in the order and a willingness on the part of the debtor to pay the debt. The transaction may be consistent with a different relation and another purpose, but in the absence of explanation, that is its natural and ordinary meaning. (See *Bogert* v. *Morse*, 1 N.Y., 377.) The oral evidence shows that the defendant was owing the plaintiffs the amount specified in the several orders of June 21, 1876, and that they were given to secure the payment of the debt, thus fully corroborating the inferences deducible from the orders themselves. We think the orders constituted an acknowledgment in writing of the debt, within section 110 of the Code, and continued the debt for the period of six years from their date. The decisions as to what is a sufficient acknowledgment of a debt, to take it out of the statute are very numerous and not altogether harmonious. It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it. But oral evidence may be resorted to, as in other cases of written instruments, in aid of the interpretation. Consistently with this rule, it has been held that oral evidence is admissible to identify the debt and its amount, or to fix the date of the writing relied upon as an acknowledgment, when these circumstances are omitted. (*Kincaid* v. *Archibald*, 73 N. Y. 189 ; *Lechman* v. *Fletcher*, 3 Tyrw. 450 ; *Bird* v. *Gammon*, 3 Bing. [N. C.] 883), or to explain ambiguities. (1 Smith's Lead. Cas. 960, and cases cited.) The promise to be inferred from the order was not conditional in the sense that the debt was to be paid only out of the fund in the hands of the drawee. At most, there was an appropriation of that fund for the payment of the debt, but the language of the orders did not import that the debt was to be paid only out of the fund against which they were drawn. (See *Winchell* v. *Hicks*, 18 N. Y. 558 ; *Smith* v. *Ryan*, 66 id. 352.) The defendant by his own act in abandoning the contract with Hoover, the drawee, prevented the payment of the

orders and left him subject to the general obligation of payment resting upon all debtors.

The judgment should be affirmed.

All concur.

Judgment affirmed.