THE PEOPLE OF THE STATE OF NEW YORK, RESPOND-
ENT, v. BENTON TURNER, APPELLANT.

*Duty of assessors to post notices of the time and place of review — their failure to do so may be cured by a subsequent legislative act — section 65 of chapter 427 of 1855, as amended by chapter 448 of 1885, is constitutional.*

Upon the trial of an action, brought by the People of the State of New York to recover penalties for cutting and carrying away trees on land alleged to belong to the State, the plaintiff gave in evidence a comptroller's deed to it, dated June 9, 1881, and recorded June 3, 1882, reciting a default in the payment of taxes prior to 1871, and a sale in October, 1877, conveying, with others, the lot on which the trees had been cut. The defendant offered, but was not allowed, to show by an assessor that, as to the years 1864, 1867 and 1868, no notice was given of the time and place at which the assessment would be reviewed, and that no review was had. This evidence was excluded on the ground that, as against the comptroller's deed, the defendant could not show irregularities in the assessment, as section 65 of chapter 427 of 1855, as amended by chapter 448 of 1885, declared that the comptroller's deed should, six months after the act took

effect, be conclusive evidence that the sale, and all proceedings prior thereto, were regular.

*Held,* that although it was the duty of the assessors to post notices of the time and place of review, and of the place where the roll could be seen and examined, yet their failure so to do was not such a jurisdictional defect in the proceeding as deprived the legislature of the power to cure the proceeding, as it had done by the passage of the act of 1885.

That, as the day for review was fixed by statute, the posting of notices might have been originally dispensed with by the legislature; and that, for this reason, the remedial act, above cited, curing the defect, did not violate the constitutional provision prohibiting the taking of property without due process of law.

*Semble,* that the principle that property shall not be taken without due process of law, and that such due process includes notice to the owner, is for the benefit of the owner and not of third persons.

APPEAL from a judgment for $1,433.21, entered against the defendant on the verdict of a jury, rendered upon the trial of this action in Franklin county on April 2, 1887.

*George H. Beckwith,* for the appellant.

*S. A. Kellogg,* for the respondent.

LEARNED, P. J.:

This is an action to recover penalties for cutting or carrying away trees on land belonging to the State. The jury rendered a verdict for the plaintiff, and the defendant appeals.

On examining the case, we find nothing showing that it has been settled, and, of course, no statement that the case contains all the evidence given on the trial. (*Porter* v. *Smith,* 107 N. Y., 531.) A motion was made for a new trial on the minutes, without specifying any ground, and that motion was denied. No appeal is taken from the order denying such motion. (Code, § 1316.)

The defendant offered in evidence copies of papers which he said he had received by mail from the comptroller's office, and which he could not testify were correct copies of papers there on file. They were excluded. This was right. The defendant had not proved their correctness. The testimony of the witness Willard, in reply to the question, "Whom did they say they measured for?" while perhaps not properly admissible, seems to have been harmless. What was done was proved by this witness and others. That Bell had made a contract to cut trees for defendant is not disputed, and that he did so cut.

The action was brought to recover for trees cut on lots 219, 221 and 222. But on the trial, the court withdrew from the consideration of the jury any cutting on 221 and 222, on the ground that defendant had a deed of those lots from the comptroller. At the conclusion of the case, the defendant asked the court to direct a verdict for the defendant, on the ground, first, that there was no question for the jury; second, that the cutting was not done by defendant or his agent, but by a contractor; third, that in 1863 and since, lot 219 was occupied and no notice had been served on the occupant; hence the title of plaintiff was not good. Now, the plaintiff had given evidence, by one Miller, that defendant had said that he owned lot 219 and had been cutting timber there. Taking this in connection with the defendant's own testimony, and with the fact the trees were cut on lot 219, we think that there was a question for the jury whether the cutting was not done by defendant. The defendant insists that he made a contract with Bell that Bell should cut timber on lots 221 and 222; and that if Bell cut on 219, defendant was not responsible for the act. Of course, if defendant in no way authorized the cutting or carrying away timber from 219, his position would be correct. But, without going over all the evidence, we think that there was something to submit to the jury on this point.

The plaintiff had given in evidence a comptroller's deed to the plaintiff, dated June 9, 1881, and recorded June 3, 1882, reciting a default in the payment of taxes prior to 1871, and a sale in October, 1877. The deed conveyed lot 219 and other lots. The defendant offered to show by an assessor, as to the years 1864, 1867 and 1868, that there was no notice of review given or review had. The court excluded this, holding that as against the comptroller's deed defendant could not show irregularities in the assessment. It seems to have been assumed, but we do not see the proof, that the sale of 1877 was for taxes of those years. The deed only recites a levy of taxes prior to 1871.

The plaintiffs insist on the remedial effect of chapter 448, Laws of 1885, amending section 65 of chapter 427, Laws of 1855. As to this sale that law declared that the deed should, six months after the act took effect, be conclusive evidence that the sale and all proceedings prior thereto were regular. But it provided that the conveyances,

etc., might be canceled "as now provided, by law" (referring to section 85), on a direct application to the comptroller or an action brought before a competent court therefor by reason of the legal payment of such taxes or by reason of the levying of such taxes by a town or ward having no legal right to assess the land on which they are laid. Whether this last clause is a qualification of the right of the comptroller to cancel, or only a qualification of the right to bring an action, we need not inquire.

In *Ensign et al.* v. *Barse* (107 N. Y., 346) the Court of Appeals point out the distinction between a defect which is jurisdictional as the law stood, and a defect so jurisdictional that the legislature could not cure it. It is claimed that the absence of a notice of review was such a defect that it could not be amended. (U. S. Const., Fourteenth amendment; *Stuart* v. *Palmer*, 74 N. Y., 183.)

It will be seen that the statute acted as a statute of limitations. If the owner had not paid his tax, and the town had the right to assess the land, then he must relieve himself within six months from the defective sale, provided the comptroller's deed had been recorded for two years; but if he had paid his tax, or if the town had no right to assess, then the statute imposed no limitation. The statute under which taxes are imposed provides for an annual assessment to be finished on a specified day. It is not like an assessment for an improvement, which is made at no specified time. But it is known that, on or before the first day of August in every year, the assessment-rolls are to be completed. Further, that till the third Tuesday of August they may be seen and examined, and that, on the application of any person conceiving himself aggrieved, it is the duty of the assessors to meet on that day and hear and examine all complaints. (1 R. S., 393, § 20.)

Now, although it is the duty of the assessors to post notices of the time and place of review and of the place where the roll is meantime, we cannot think that the neglect to do this is so jurisdictional that it cannot be cured by legislation. It is a known statutory regulation that, between the first of August and the third Tuesday of the same month, the assessment-roll may be examined, and that, on the application of an aggrieved party, the assessors must meet on that last-named day and hear complaints. The language of the statute seems to imply that, unless application is

made, they need not meet. And if, during this interval, there are no persons who apply, conceiving themselves aggrieved, it might be a useless form for the assessors to meet. However this may be, we cannot think, when the statute has provided the fixed time every year for examining the assessment-rolls and the same day for hearing complaints, that the neglect to post notices is such a defect that a sale of property under the assessment is a taking of property without due process of law. It may be that, until the subsequent legislation, such a sale would be void; but, if the omission was of a thing which might have been originally dispensed with, the legislature may cure the defect. (Cooley Const. Laws, 371.). And we think that the day for review being fixed by statute, the posting of notices might have been originally dispensed with by the legislature. For this reason, the remedial act above cited cures the defect, without violating the constitutional provision. (See the case last cited at pages 338 and 346.)

It is further to be considered that the present defendant does not claim to be owner, or to have derived any rights from the original owner. It does not appear who was the original owner, or that he has ever asserted the invalidity of these proceedings. The principle that property shall not be taken without due process of law. and that such due process includes notice to the owner, is evidently one for his benefit, and not for the benefit of third parties.

The further point was taken by defendant that the land was occupied at the expiration of two years from October, 1877 The court held that if any part was occupied the defendant was entitled to a verdict. The question of occupation was in dispute and was submitted to the jury very fairly and under full explanation from the court. We have examined the evidence, and we do not think that the court would have been justified in holding, as matter of law, that a part of lot 219 was occupied. The jury found that it was not.

The judgment should be affirmed, with costs.

LANDON and INGALLS, JJ., concurred.

Judgment affirmed, with costs.