ROBERT WATKINS, RESPONDENT, *v.* WILLIAM P. JONES, APPELLANT, IMPLEADED WITH ANOTHER, DEFENDANT.

*Statute of limitations — new promise — what is a sufficient " acknowledgment" — evidence of it.*

A promissory note was made by David T. and William P. Jones, the latter being an accommodation maker. After the statute of limitations had run against the note as to William P. Jones he wrote the payee a letter relative to the note, in which, in reply to a letter from the payee, he said that David was trying to sell a horse; that as soon as David could dispose of it David would pay the holder some; that the writer had expected the last fall to help David some, but could not do so, and that the writer would help David to pay some as soon as he could.

*Held*, that, within section 395 of the Code of Civil Procedure, the letter was not an "acknowledgment" to the payee of the indebtedness of William P. Jones sufficient to take the case out of the statute.

That there was no recognition of a debt, nor promise to pay it upon his own part, but, at most, only a willingness and expectation of helping the other maker to pay.

That, in construing the letter of William, the letter of the payee to him not being signed by the party to be charged thereby, was incompetent.

That the acknowledgment or new promise cannot be partly in writing and partly by parol, and that oral evidence was only admissible to identify the debt.

APPEAL by the defendant William P. Jones from a judgment of the Supreme Court, entered in the office of the clerk of the county of Oneida on the 22d day of May, 1891, upon a verdict for the plaintiff for $423.63, after a trial at the Oneida Circuit before the court and a jury.

*Jones & Townsend*, for the appellant.

*Risley & Perry*, for the respondent.

MERWIN, J. :

This action is against William P. Jones and David T. Jones upon a note for $377, reading as follows:

" $377.00.

" On the first day of January next we promise to pay Robert Watkins or order three hundred and seventy-seven dollars for value received, with use.

" REMSEN, N. Y., *March* 29, 1882.     " W. P. JONES.
                   " D. T. JONES."

In the complaint it is alleged that the interest has been paid to 29th of March, 1889. The defendant William P. Jones alone answers. He admits the execution of the note; alleges that he signed solely for the accommodation of the other maker; denies that he has made any payments, and sets up the statute of limitations.

Upon the trial the plaintiff, as a witness in his own behalf, testified that the defendant David T. Jones paid the interest on the note up to March 29, 1889; that after this, and in October, 1890, he saw William P. Jones and told him he should have to look to him for the payment of the note, as he didn't think David would ever pay it, and asked him what he proposed doing about it; that William

replied he would pay it, but would have to have time, and would see that the plaintiff got the interest and some of the principal that fall; that in January, 1891, he, the plaintiff, wrote William a letter, in which he said to him that he had promised to pay the interest and some of the principal, and that he had been waiting quite a while, and asked him what he proposed doing about it; that in reply to this he received from defendant the following letter:

"REMSEN, *January* 24th, 1891.

"ROBERT WATKINS:

"DEAR SIR.— Your letter was duly received, and in answer will say that David is trying to sell the horse he has and I am trying to sell it also. As quick as he can dispose of it he will pay you some. I expected last fall to be able to help him some, but the cheese sold so low that my dairy did not bring me enough to pay my rent and help. Will help him to pay some as soon as I can.

"W. P. JONES."

No other evidence material to the question here was given. Thereupon the counsel for defendant asked the court to nonsuit the plaintiff and dismiss the complaint on the ground that the note was outlawed; that the verbal promise did not take the case out of the statute, and that the letter was not such a promise or recognition of liability upon the note as to take it out of the statute; and, also, that it was conditional, and not effective to aid the plaintiff except upon the happening of the condition. This motion was denied, and defendant excepted. Thereupon, upon motion of plaintiff, the court ordered a verdict for the plaintiff on the note, and defendant excepted.

It sufficiently appeared that the letter of defendant referred to the note in suit. The oral evidence was admissible to identify the debt. (*Manchester* v. *Braedner*, 107 N. Y., 346.)

Beyond that, the oral evidence cannot be considered, as the promise or acknowledgment required by the statute cannot be partly in writing and partly by parol. Nor can the contents of the letter written by the plaintiff to the defendant be considered, as the statute calls for a writing signed by the party to be charged.

Assuming, then, that the letter of defendant refers to the claim of plaintiff on the note, the question is whether the letter contains

an acknowledgment or promise sufficient to take the case out of the statute. The defendant does not say he will pay the plaintiff anything, nor does he intimate that anything is due from him to plaintiff. He says that the other maker will pay him something when he sells his horse. It does not appear that the horse has been sold. He says he will help the other maker pay some as soon as he can. It does not appear that he is now able to do it. He says he expected last fall to be able to help the other maker to pay some, but failed for reasons stated. He indicates a willingness and expectation to help the other maker, but does not acknowledge any liability from himself to the plaintiff. It does not appear what the relations were between the defendant and the other maker, except as it may be inferred from the fact that defendant had paid none of the interest, and was not apparently called on for anything as long as the other maker was good.

*Anderson* v. *Sibley* (28 Hun, 17), and *Manchester* v. *Braedner* (*supra*), are cited by plaintiff as applicable here. In the Anderson case, the plaintiff and defendant's intestate entered into a written stipulation to submit their matters in difference to an arbitrator named, and on the hearing before the arbitrator to waive the statute of limitations. The defendant's testator the next day revoked the submission. Thereupon the plaintiff having sought to enforce his claim the statute of limitations was set up. It was held that the agreement to waive the statute on the hearing before the arbitrator was a sufficient written acknowledgment to remove the bar of the statute. It was said that the stipulation and the facts attending it raised an implied promise to pay the claim, unless some defense should be found to exist to it, other than the statute of limitations, and that no such defense appearing the written promise or acknowledgment was sufficient. In the Manchester case the defendant had given to the plaintiff written orders on a third party to an amount equal to plaintiff's claim. The orders were not paid. It was held that the orders implied the relation of debtor and creditor between the plaintiff and defendant to the extent of the sums specified in the orders, and a willingness on the part of the defendant to pay the debt, and constituted a sufficient acknowledgment to avoid the statute. These cases do not reach the present. There is here no order, in fact or substance, upon a third party,

nor is there any promise from which a recognition of the debt may be implied. The fact that defendant was willing, for some undisclosed reason, to help the other maker does not authorize the inference of a recognition of the existence of a debt from defendant to plaintiff. On the contrary, the expressions used rebut the idea of any intention on the part of defendant to recognize any liability upon himself to plaintiff. He does not propose to pay anything to plaintiff, he only proposes to help the other party. At the time the letter was written the six years had fully run as against the defendant, as it is not claimed that the payments made by the other party affected the defendant.

So far as there was any promise that was conditional, it was incumbent on the plaintiff to show the condition fulfilled. (*Cocks* v. *Weeks*, 7 Hill, 45; *Wakeman* v. *Sherman*, 9 N. Y., 85; *Telo* v. *Robinson*, 100 id., 27; Angell on Limitations [6th ed.], § 236.)

The foregoing suggestions lead to the conclusion that the letter in question was not sufficient to show an acknowledgment or promise that would relieve the bar of the statute. It follows that the court erred in directing a verdict for plaintiff.

MARTIN, J., concurred; HARDIN, P. J., not voting.

Judgment reversed upon the exceptions, and a new trial ordered, costs to abide the event.