BENEDICT et al. v. SLOCUM.

(Supreme Court, Appellate Division, First Department. June 29, 1904.)

1. LIMITATIONS—NEW PROMISE—ACKNOWLEDGMENT—SUFFICIENCY.

Plaintiff wrote defendant inclosing a statement of account and notes for the amount claimed to be due, and defendant replied that if he knew he could pay the notes when due he would not hesitate, but as he could not promise to do that he was willing to make a duebill as an acknowledgment, which he would feel as much bound to pay when he was able. *Held* to be a sufficient acknowledgment of indebtedness under Code Civ. Proc. § 395, declaring that an acknowledgment or promise contained in writing, signed by the party to be charged, is the only competent evidence sufficient to take case out of the statute of limitations

Appeal from Trial Term New York County.

Action by Elias C. Benedict and another against Joseph J. Slocum. From a judgment for plaintiffs, defendant appeals. Affirmed.

Argued before VAN BRUNT, P. J., and HATCH, McLAUGHLIN, O'BRIEN, and LAUGHLIN, JJ.

Francis C. Reed, for appellant.

John L. Hill, for respondents.

McLAUGHLIN, J. The summons in this action was served on the defendant on the 19th day of October, 1894, and the action was brought to recover upon an account stated. The complaint alleged that on or prior to the 29th of October, 1888, an account was taken and stated between the parties, and upon such accounting the defendant was found to be indebted to the plaintiffs in the sum of $12,586.64, which he then agreed to pay. The answer denied the material allegations of the complaint, and, in addition thereto, pleaded the statute of limitations.

At the trial it appeared that prior to September 1, 1888, the defendant had certain transactions with the plaintiffs as stockholders, and had, as they claimed, become indebted to them in the sum of $24,423.49, which indebtedness was represented by three different accounts,—one designated Slocum & Knowland, for $10,782.55; one, J. J. Slocum, special, for $12,891.15; and a third, J. J. Slocum, for $749.79. Negotiations were had during September or October, 1888, for the purpose of adjusting the accounts and determining what amount the defendant should pay, and it was finally arranged that he should pay his own account in full, and, in addition thereto, one-half of each of the others. Part of the negotiations was oral and part in writing. That part in writing is represented by a letter from the plaintiffs to the defendant, dated October 12, 1888, in which they said:

"In compliance with your request of October 6th we enclose due bills for your account, separating the accounts of Slocum & Knowland, for which we enclose due bill for one-half of said amount. We have extended the due dates of these notes in a very liberal manner, considering the long delay and when they are signed and returned to us we shall consider you absolved from the other half of the Slocum & Knowland joint accounts."

With this letter were inclosed five notes, aggregating $12,586.64, each bearing date September 1, 1888, falling due at different times— the first one six months from date, and the last January 1, 1889. The defendant did not sign the notes, but, on being requested to return them

either signed or unsigned, returned them to the plaintiffs, unsigned, on the 29th of October, 1888, and at the same time wrote them a letter, in which he said:

"I have thought over this matter of the notes a great deal and if I knew I could pay them when they became due I wouldn't hesitate. I cannot promise to do that. I am willing to make a due bill as an acknowledgment and which I shall feel just as much bound to pay when I am able."

At the trial the fact was uncontradicted that the notes referred to in defendant's letter were the ones which the plaintiffs had inclosed in their letter of October 12th, and they were produced and offered in evidence. The defendant offered no evidence, and at the conclusion of the trial, both parties having requested the direction of a verdict, one was directed in favor of the plaintiffs for the amount claimed with interest, and defendant has appealed.

I think the judgment should be affirmed. The letter of October 29th was a recognition that there was then due the plaintiffs the aggregate amount represented by the notes inclosed in their letter of October 12th, and was a sufficient acknowledgment of that indebtedness under section 395 of the Code of Civil Procedure. It is true the letter did not contain an express promise to pay the sum due, but such promise was unnecessary. Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405, 1 Am. St. Rep. 829; Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Fletcher v. Daniels, 52 App. Div. 67, 64 N. Y. Supp. 861; Brintnall v. Rice, 63 App. Div. 54, 71 N. Y. Supp. 441, affirmed 173 N. Y. 618, 66 N. E. 1105; Hodnett v. Gault, 64 App. Div. 163, 71 N. Y. Supp. 831. We have in the letter an acknowledgment of the debt, from which the law implies a promise to pay. The defendant expressed his willingness to give a duebill instead of notes, and the fact that he did not give such duebills in no way destroyed the acknowledgment that the aggregate amount of the notes was due. The letter, therefore, stands as evidence of an acknowledgment of the debt, with an implied promise to pay it, and this is sufficient, under the authorities above cited, to take the case out of the statute of limitations, and the action was commenced within six years thereafter. In Shaw v. Lambert, supra, in a letter written by a creditor to his debtor, the creditor asked whether "you will pay me the balance due me on account of the money I have loaned you?" to which the debtor replied: "I would prefer you make yourself a statement of your own. In my opinion all what I remember is those accounts were settled long ago. If not, I am willing to do so now." It was held there was a promise by defendant to pay what was due upon the claim in case his recollection that it was settled was not correct, and, the jury having found it was not correct, he was liable. In Brintnall v. Rice, supra, the following statement in a letter by the debtor was held sufficient: "Notwithstanding that you have done some very foolish talking, entirely uncalled for, I will see that you will be at no loss in the Lyons transaction."

It follows, therefore, that the judgment appealed from must be affirmed, with costs. All concur.