## LEVY v. POPPER.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

LIMITATION OF ACTIONS—NEW PROMISE—EVIDENCE—SUFFICIENCY OF.

> Code Civ. Proc. § 395, provides that an acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of the statute of limitations. Plaintiff's firm, stockbrokers, bought and paid for certain stock for defendant at his request, immediately sending him notice thereof and a statement of the amount due, which statement was retained without objection. In response to certain letters written him about 10 years after the purchase of the stock, requesting payment therefor and not calling for margins, defendant wrote the firm, acknowledging receipt of the letters, stating that he had intended calling regarding his account, assuring them that he would pay every dollar he owed them within a short time, and that as soon as a certain transaction was closed up they would "hear from him substantially." *Held*, that the letter constituted a new promise within the meaning of the statute.

Appeal from Trial Term, New York County.

Action by Lazarus Levy against Simon Popper. From a judgment dismissing the complaint and from an order denying his motion for new trial, plaintiff appeals. Reversed.

Argued before O'BRIEN, P. J., and HATCH, McLAUGHLIN, PATTERSON, and INGRAHAM, JJ.

F. Spiegelberg, for appellant.
C. F. Williams, for respondent.

PATTERSON, J. The plaintiff is the surviving partner of the firm of Levy & Co., stockbrokers in the city of New York. On the 23d of September, 1889, that firm bought 100 shares of the Anniston Land Company stock for the defendant, and paid therefor the sum of $6,725. Immediately after the purchase the plaintiff forwarded to the defendant a notice thereof and a statement of the amount due, which statement was retained without objection. It is alleged in the complaint that on or about the 28th of August, 1899, in consideration of the foregoing facts, the defendant promised in writing to pay such indebtedness, but has failed to do so. The defendant, in his answer, admits that the statement of amount claimed to be due the plaintiff was sent him at about the 23d of September, 1889, and sets up the six-years statute of limitations.

On the trial of the case facts were stipulated, and, among others, that on or about the 23d of September, 1889, the defendant requested L. Levy & Co. to buy for his account 100 shares of the capital stock of the Anniston Land Company, which order was duly executed, and L. Levy & Co. paid $6,725 therefor; that immediately afterwards the plaintiff's firm forwarded a notice and a statement of the amount due, which the defendant retained without objection, and thereafter like statements of the amount due were sent to the defendant up to and including the 1st day of July, 1891, which he likewise retained without objection; that on November 7, 1901, the plaintiff forwarded to the defendant a copy of his account, containing the plaintiff's claim arising out of the purchase of the Anniston Land Company stock; that on July 15, 1902, the plaintiff, after notice mailed to the defendant, caused the 100 shares of the Anniston Land Company stock to be sold at public auction, and the stock was struck down to the highest bidder for the sum of $1,525, which amount was credited to the defendant; that on January 17, 1902, demand was made by the plaintiff on the defendant for the balance due, and no payment was made. The defendant offered no proof, but the plaintiff introduced in evidence three letters, one dated August 24, 1899, referring to the indebtedness for the 100 shares of the Anniston Land Company stock, held by his firm for Popper, and asking if it would not be well to settle up some of his indebtedness if not all. Also another letter, dated August 30, 1899, as follows:

"Mr. Simon Popper—Dear Sir: Not having received a reply to our letter, we suppose you were either out of town or did not receive same, therefore we register this one, and expect to hear from you very soon in answer to same."

The third letter, written by the defendant, is as follows:

"August 31, 1899. Mess. L. Levy & Co.—Dear Sirs: I recd. your two letters in due time. I expected to call on you regarding my ⅞ this week which is the reason of my not answering your first. It is a fact I made a good deal of money—but I had lots of old affairs to settle up. You may rest assured that I will pay you every dollar I owe you within a short time. I am largely interested in a transaction at present; when that is closed up you will surely hear from me substantially. Yours very truly, Simon Popper."

This last letter contains an acknowledgment of the debt, and a promise to pay it, and constitutes a new promise within the meaning of the statute. Section 395 of the Code of Civil Procedure provides that an acknowledgment or promise contained in a writing signed by the party to be charged thereby is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of this title. Benedict v. Slocum, 95 App. Div. 602, 88 N. Y. Supp. 1052; Crandall v. Moston, 42 App. Div. 629, 59 N. Y. Supp. 146. The case is quite different from Connecticut Trust Co. v. Wead, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. Rep. 756. There is no question of stock bought on margin or of a general account. The letters of the plaintiff to the defendant do not call for margin. From the facts stipulated, there can be no other inference than that the claim of the plaintiff is upon a simple transaction of the purchase of stock, the plaintiff's firm paying the money for it

and the whole of it. A demand upon the defendant is shown, as are also his refusal or neglect to comply with that demand, the running of the six-years statute, and a subsequent sufficient writing signed by the defendant by which he made a new promise to pay what he owed the plaintiff upon the only transaction appearing in the case.

The judgment and order should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.