## ZINN v. STAMM.

(Supreme Court, Appellate Division, First Department. July 11, 1912.)

1. LIMITATION OF ACTIONS (§ 148*)—NEW PROMISE—REQUISITES.

Under Code Civ. Proc. § 395, which provides that an acknowledgment or promise in writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract taking a debt out of the statute of limitations, the writing must contain an express promise to pay, or must acknowledge the debt.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 597–603; Dec. Dig. § 148.*]

2. LIMITATION OF ACTIONS (§ 148*)—"NEW ACKNOWLEDGMENT"—SUFFICIENCY.

A letter from a debtor to creditor stating that, as soon as he could, the former would arrange a "proposition about this insurance," written in response to the creditor's letter reminding him that he had promised to insure his life for the creditor's benefit, a letter stating that the debtor was anxious to relieve himself of his indebtedness, and would "strive to do his best as early as possible," but that his prospects of making money were not "rosy," etc., are insufficient to constitute such

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes
136 N.Y.S.—47

new acknowledgment under Code Civ. Proc. § 395, as takes the debts out of the statute of limitations.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 597–603; Dec. Dig. § 148.*]

Scott and Miller, JJ., dissenting.

Appeal from Trial Term, New York County.

Action by Martin Zinn against Paul Stamm. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Reversed, and new trial ordered.

Argued before INGRAHAM, P. J., and McLAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

E. J. Myers of New York City, for appellant.
Henry C. Burnstine, of New York City, for respondent.

McLAUGHLIN, J. [1, 2] This action was brought to recover the amount of nine separate loans aggregating $10,000, made at different times between January and June, 1903, in amounts varying from $400 to $3,000. Each loan is set out as a separate cause of action in the complaint, and is alleged to have been payable on demand. The action was not commenced until January, 1912. The defendant pleaded the statute of limitations as a defense to each cause of action, to which the plaintiff replied, alleging that the defendant had within six years prior to the commencement of the action acknowledged in writing the existence of "the claim and indebtedness sued for" in each cause of action set forth in the complaint and promised to pay the same. At the trial there was no dispute between the parties as to the facts, and the court upon the writings, which consisted of three letters, directed a verdict for the plaintiff, holding that they were sufficient to take the case out of the statute. The defendant appeals.

The plaintiff testified: That in September, 1907, he wrote defendant, reminding him of a promise which he had previously made to have his life insured, so that, in case of his death, plaintiff would not lose the principal. That in answer to the letter defendant on the 25th of September 1907, wrote plaintiff:

"It was I who made the proposition about this insurance and you can feel absolutely assured that I shall do as I told you. I have to attend to a few small creditors first and then shall proceed to do as promised. As soon as I arrange this business with Mr. H. you will hear from me and I will be up to see you."

That thereafter plaintiff again wrote defendant, asking him "to pay me back some of the money I had loaned him," and the defendant answered on December 25, 1907, saying:

"I received your letter of the 23rd inst. and regret the tone of it. You know that after my last visit to you I have been ill at home for over five weeks, and in the meantime conditions downtown had changed greatly, not such as to enable me to do any business. As a business man you certainly can realize the situation and that it made it impossible for me to do anything at the present. I am more than anxious to relieve myself of my

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

indebtedness to you and would have taken the steps proposed by me at our last meeting had I been able to do so. I shall strive to do my very best as early as possible, but may tell you right here that for the near future the outlook for my making any money is anything but rosy. * * * "

Nothing further seems to have passed between the parties until about June, 1910, when the plaintiff again wrote, asking for a pay-ment, and the defendant answered on the 22d of the same month, in which he said:

"I am in receipt of your yesterday's letter. If you have not heard from me before this it was simply for the reason that I was unable to make any payments to any of my creditors, as I just was able to keep above water and make both ends meet. For the same reason I cannot enclose you a check, as much as I would like to. I would like to see you, how-ever, and talk the matter over with you."

Plaintiff further testified that the only indebtedness of the defendant to him was that stated in the complaint. The statute provides that:

"An acknowledgment or promise contained in a writing signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract whereby to take a case out of the operation of this title." Section 395, Code of Civil Proc.

This statute has been many times construed, and the rule seems to be thoroughly settled as to what the writings shall contain. In Wakeman v. Sherman, 9 N. Y. 85, it was stated that:

"There must have been an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied."

And in Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405, 1 Am. St. Rep. 829:

"It seems to be the general doctrine that the writing, in order to constitute an acknowledgment, must recognize an existing debt and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it."

Both of these authorities were cited with approval in Connecticut Trust & Safe Deposit Co. v. Wead, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. Rep. 756.

Notwithstanding the fact that the rule is well settled, difficulty many times is encountered in applying it to the facts of a given case. Here the letters undoutbedly acknowledge the existence of an indebtedness from which the law implies a promise to pay, in the absence of a statement inconsistent with an intention on the part of the debtor to do so. There is nothing in any of the letters indicating that the defendant did not intend to pay the indebtedness which he admitted existed. The difficulty which I encounter in holding the defendant liable is whether his admission can be said to apply to any one or all of the causes of action alleged in the complaint. There were nine separate loans made at different times, and each payable on demand. Each constituted a separate and distinct indebtedness. The statute of limitations commenced to run upon each at the time the loan was made. This the plaintiff recognized by setting out each in-

debtedness—that is, each loan—as a separate cause of action. Generally speaking, whatever amount of money one man owes to another, no matter how made up, whether it be for labor performed, materials furnished, money loaned, or all of them, is his indebtedness to him. But the rule is well settled that where a creditor has several claims against which the statute has run, then the acknowledgment or promise in the writing must indicate the particular claim to which it refers; that a general acknowledgment of an indebtedness, there being several claims, is insufficient. This rule is stated in 19 Am. & Eng. Enc. of Law (2d Ed.) 293, as follows:

"Where there are several claims held by one creditor against the same debtor, therefore, a mere general acknowledgment by the latter will not take any of them out of the operation of the statute or affect its running against them; but if it is made to appear that there was but a single transaction between the parties, a mere reference to the debt is sufficient, so far as its identity is concerned."

The question was considered in Bailey v. Crane, 21 Pick. (Mass.) 323, the court saying:

"An acknowledgment to take a debt out of the statute must satisfactorily appear to refer to the very debt in question. Clarke v. Dutcher, 9 Cow. 674. As the defendant has not shown that there was any other debt due from him to the plaintiff his letter must be presumed to apply to the note in suit. Had there been any other demands between the parties it could not have been known to which it referred and so it could not be applied to either."

Also, in Smith v. Moulton, 12 Minn. 352 (Gil. 229), where the court said:

"In the letter of February 6, 1861, Moulton unqualifiedly acknowledged a then existing indebtedness to Smith, but there is nothing in the letter to show that the acknowledgment had reference to the debts evidenced by both the notes on which the action is brought, or to that evidenced by either in particular. * * * But in this case, even if we leave out of account all other claims of the appellant against Moulton, it appears that, when the acknowledgment of indebtedness was made by Moulton, Smith held three notes against him and as the acknowledgment or indebtedness was general, and it cannot be known to which one it referred, or whether it referred to more than one of the notes, it cannot be held as evidence of a promise to pay either, and therefore does not take either out of the operation of the statute of limitations."

See, also, Buckingham v. Smith, 23 Conn. 453.

The defendant in the letters to which reference has been made simply acknowledged a general indebtedness. I am of the opinion that this acknowledgment was insufficient to take the causes of action sued on out of the operation of the statute.

The judgment and order appealed from, therefore, are reversed, and a new trial ordered, with costs to appellant to abide event.

INGRAHAM, P. J., and DOWLING, J., concur.

MILLER, J. (dissenting). It is undisputed that on nine different occasions between January 14, and June 12, 1903, inclusive, the plaintiff loaned to the defendant various sums of money amounting in

the aggregate to $10,000. On December 25, 1907, the defendant wrote to the plaintiff the following letter:

"New York, December 25th, 1907.

"Dear Martin: I received your letter of the 23rd inst., and regret the tone of it. You know, that after my last visit to you, I have been ill at home for over five weeks, and in the meantime conditions down town had changed greatly, not such as to enable me to do any business. As a business man, you certainly can realize the situation and that it made it impossible for me to do anything at the present. I am more than anxious to relieve myself of my indebtedness to you and would have taken the steps proposed by me at our last meeting, had I been able to do so. I shall strive to do my very best as early as possible, but may tell you right here, that for the near future the outlook for my making any money is anything but rosy. I assure you, I am feeling bad enough about it, for with all the present gloom, I am very depressed and yours was not the only unpleasant letter I received for Xmas. They only made me feel worse and realize how bad my situation is.

"Trusting that you will appreciate this and have some more patience; things can't always remain as bad as they are just now, I remain,

"Sincerely yours,　　　　　　　　　　　　[Signed]　Paul Stamm."

This action was brought within six years thereafter. I do not refer to the other letters in the record because I think the one quoted was sufficient to toll the running of the statute.

Section 395 of the Code of Civil Procedure provides:

"An acknowledgment or promise contained in a writing, signed by the party to be charged thereby, is the only competent evidence of a new or continuing contract, whereby to take a case out of the operation of this title. But this section does not alter the effect of a payment of principal or interest."

The rule as to the sufficiency of the acknowledgment or promise required has been thus stated:

"The rule with us is that, to revive a demand thus barred, there must be an express promise to pay, either absolute or conditional, or an acknowledgment of the debt as subsisting, made under such circumstances that such a promise may be fairly implied." Wakeman v. Sherman, 9 N. Y. 85.

"It seems to be the general rule that the writing, in order to constitute an acknowledgment, must recognize an existing debt, and that it should contain nothing inconsistent with an intention on the part of the debtor to pay it. Manchester v. Braedner, 107 N. Y. 346 [14 N. E. 405, 1 Am. St. Rep. 829]"—quoted with approval by Cullen, J., in Conn. Trust & S. D. Co. v. Wead, 172 N. Y. 497, 65 N. E. 261, 92 Am. St. Rep. 756.

We have in the letter quoted explicit acknowledgment of an existing indebtedness, which, of course, implies an intention to pay, and there is certainly nothing in the letter inconsistent with such an intention. The expression of anxiety to relieve one's self from an acknowledged indebtedness certainly indicates an intention to pay. The mere fact that the writer expressed doubts of his ability to pay in the near future was certainly not inconsistent with an intention on his part to pay. It is not necessary that there should be both an acknowledgment and an express promise. A promise, if relied upon, must, of course, be unconditional. In this case the plaintiff relies upon an explicit acknowledgment of present indebtedness. The rest of the letter emphasizes the intention of the writer to pay, and merely expresses doubt as to his ability to pay as soon as he would like to. It

is precisely the kind of a letter which a debtor might write to an indulgent creditor in the hope of getting time, and it does not seem to me that it lies in the debtor's mouth, after he has thus accomplished his purpose, to say that he really did not mean to create the impression in the mind of his creditor that he intended to pay.

The acknowledgment does not refer to a particular indebtedness or specify the amount, but there is abundant authority that that may be proved by parol. Manchester v. Braedner, supra; Kincaid v. Archibald, 73 N. Y. 189; Shaw v. Lambert, 14 App. Div. 265, 43 N. Y. Supp. 470; Fletcher v. Daniels, 52 App. Div. 67, 64 N. Y. Supp. 861; Levy v. Pepper, 106 App. Div. 394, 94 N. Y. Supp. 905, affirmed 186 N. Y. 600, 79 N. E. 1109. While the entire sum loaned, $10,000, was advanced on different dates and in different amounts, over a period of a few months, there was in truth but a single indebtedness for the entire sum; and it is obvious that it was so understood by the parties. Of course, technically there was a distinct implied contract to pay when each sum was advanced, and in law probably each loan was the basis of a distinct claim, but the claims were not so distinct as to create any doubt respecting the defendant's meaning when he said: "I am more than anxious to relieve myself of my indebtedness to you." Of course, if there are several distinct claims of such a nature as to create a doubt as to which one an acknowledgment in general terms refers, there is reason for the rule, which has been declared in some jurisdictions, that a mere general acknowledgment in such case will not suffice. But, where the claims are so connected as virtually to constitute but one, the acknowledgment can only refer to the aggregate claim; and I do not think the court should strain to put an equivocal meaning upon an acknowledgment, made by a debtor, which has served the purpose of holding off his creditor until the statute of limitations has run, if the acknowledgment be not sufficient to prevent it.

The judgment should be affirmed.

SCOTT, J., concurs.