(78 Misc. Rep. 567.)

ZINN v. STAMM.

(Supreme Court, Special Term, New York County. December, 1912.)

1. LIMITATION OF ACTIONS (§ 196*)—EFFECT OF BAR—NEW PROMISE.
    Where a reply to the defense of limitations, set up against several causes of action for money loaned united in one complaint, denies that the amounts sued for were barred, and alleges that within six years be-

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

fore the commencement of the action defendant, in a writing signed by him, acknowledged the claims in suit and promised to pay them, parol evidence that no other transactions were had between the parties, except those resulting in the loans, is admissible to identify the debt, and letters written by plaintiff to defendant, in connection with defendant's replies, are admissible to aid in the interpretation of the writing pleaded in the reply.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 717–721; Dec. Dig. § 196.*]

2. LIMITATION OF ACTIONS (§ 199*)—EVIDENCE—SUFFICIENCY.

In an action for money loaned; where the uncontroverted evidence is that there has been no other transaction between the parties except the loan, an itemized account of which appears from a letter of plaintiff to defendant, the reception of which in evidence was limited to identifying the debt which was acknowledged by defendant, it is error to direct a verdict for defendant; and in the absence of a request to go to the jury on any specific question, plaintiff's motion for the direction of a verdict should have prevailed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. §§ 727–730; Dec. Dig. § 199.*]

Action by Martin Zinn against Paul Stamm for money loaned. Motion for new trial granted.

See, also, 152 App. Div. 76, 136 N. Y. Supp. 737.

Burnstine & Geist, of New York City (Henry C. Burnstine, of New York City, of counsel), for plaintiff.

Myers & Goldsmith, of New York City (Emanuel J. Myers, of New York City, of counsel), for defendant.

ERLANGER, J. [1] Nine causes of action are counted upon in the complaint for money lent, and to each cause the statute of limitations is pleaded as a defense. Plaintiff in his reply denied that the respective amounts sued for were barred, and alleged, further, that within six years prior to the commencement of the action the defendant, in a writing signed by him, acknowledged the respective claims in suit and promised to pay the same. Upon the former trial of this issue a verdict was directed in plaintiff's favor for the full amount, but the judgment entered on such verdict was reversed by a divided court. In the prevailing opinion Mr. Justice McLaughlin said, among other things:

"The difficulty which I encounter in holding the defendant liable is whether his admission can be said to apply to any one or all of the causes of action alleged in the complaint."

There was proof on the former trial that the only indebtedness of the defendant to the plaintiff was the amount sued for; nevertheless the acknowledgment was held to be only of a general indebtedness, and insufficient to toll the statute, and a new trial was ordered. Such new trial was had before me. To meet the difficulty mentioned by the appellate court, evidence was again admitted to identify the debt, by showing that no other transactions were had between the parties, except those which resulted in the loans, and in aid of the interpretation of the writing the contents of letters written by the plaintiff to

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

the defendant were received for consideration in connection with the letters of the defendant in answer thereto. It is well settled that the promise or acknowledgment required by the statute cannot be partly in writing and partly oral. The statute calls for a writing signed by the party to be charged.

I think, however, the law is clear that parol evidence in such a case is admissible. See cases cited in the dissenting opinion in this case. 152 App. Div. 76, 136 N. Y. Supp. 737. In Manchester v. Braedner, 107 N. Y. 346, 14 N. E. 405, 1 Am. St. Rep. 829, the oral evidence held to be admissible was limited "to identify the debt and its amount, or to fix the date of the writing," and likewise the letters of the creditors are competent to show the intent of the debtor when he answered the same, and from which the acknowledgment of the debt is sought to be spelled. Shaw v. Lambert, 14 App. Div. 265–268, 43 N. Y. Supp. 470; Levy v. Popper, 106 App. Div. 395, 94 N. Y. Supp. 905, affirmed 186 N. Y. 600, 79 N. E. 1109. Plaintiff's letters so admitted were limited to identifying the debt, and the one that impressed me most was written on December 23, 1907, to the defendant, at the foot of which an itemized account of the $10,000 due was noted. There was no denial of this evidence. This letter was answered by the defendant on December 25, 1907, in which he said, among other things:

"I am more than anxious to relieve myself of my indebtedness to you, and would have taken the steps proposed by me at our last meeting, had I been able to do so. I shall strive to do my very best as early as possible, but may tell you right here that for the near future the outlook for my making any money is anything but rosy."

On June 20, 1910, plaintiff again wrote to the defendant:

"I had expected to hear from you since my last communication relative to making a payment on my loan, and am quite surprised that you have not attended to same," etc.

In answer to this letter defendant, under date of June 22, 1910, wrote:

"I cannot inclose you a check, as much as I would like to. I would like to see you, however, and talk the matter over with you."

It seems to me that these letters, when read in connection with those received from plaintiff, definitely acknowledge the particular items mentioned in the complaint.

In Benedict v. Slocum, 95 App. Div. 602, 88 N. Y. Supp. 1052, there were three items of indebtedness represented by three different accounts. Plaintiff wrote a letter to the defendant, inclosing a number of notes for the different items, with the request that they be signed or returned. In answer to the letter the defendant wrote:

"I have thought over this matter of the notes a great deal, and if I knew I could pay them when they became due I wouldn't hesitate. I cannot promise to do that. I am willing to make a duebill as an acknowledgment, and which I shall feel just as much bound to pay when I am able."

It was held that this was a recognition that there was then due to the plaintiff the aggregate amount represented by the notes inclosed, and was a sufficient acknowledgment of the indebtedness.

In Wright v. Parmenter, 23 Misc. Rep. 629, 52 N. Y. Supp. 99, a purchaser of goods, who had received from the seller a statement of account showing the items and price of the goods purchased, and who had no other transactions with the seller, subsequently wrote:

"I regret to say that my neglect in not responding to your statement of account was owing to my not having disposed of but few of your .goods; * * * but, now that I have got the ball rolling, am in hopes to do good business in the future."

This was held to be a sufficient acknowledgment. Mr. Justice Beekman, writing for the court, said:

"We have thus a complete identification of the debt sued for with that referred to in the defendant's letter."

While it cannot be said that the cited cases are directly parallel with the one at bar, there is nevertheless some analogy between them. Here an itemized account was noted at the foot of the letter of December 23, 1907, and, while not referred to in the answer thereto, the language employed by the defendant that he was more than anxious to relieve himself of his indebtedness could only have referred to the accounts so itemized, and expressly acknowledged the whole of it.

[2] It is clear from the unchallenged proof that there was no other transaction between the parties, except the $10,000 loan, which was advanced to the defendant at different times; and, if the acknowledgment did not refer to the account mentioned, it is difficult to divine to what else the allusion was made. The anxiety of the defendant to be relieved of his indebtedness could not have been confined to a part thereof. The language employed, aided by the evidence, is opposed to such a construction; and, even if it is assumed that the nine causes of action are in effect an admission of separate loans, in my opinion all doubt or hesitation as to the debtor's meaning is dispelled when all the correspondence is considered together. The law demands no more in the way of proof than certainty and identity of the claim sought to be enforced.

In the light of these views, it was error to direct a verdict in favor of the defendant, and, inasmuch as no request was made on his behalf to go to the jury upon any specific question, plaintiff's motion for a direction should have prevailed. The motion for a new trial is granted.

Motion granted.